**AFFIRMED as MODIFIED and Opinion Filed October 19, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00831-CR

### XAZIVER WILLIAMS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F1535121**

## MEMORANDUM OPINION
Before Justices Molberg, Carlyle, and Browning
Opinion by Justice Browning

Xaziver Williams appeals the trial court's judgment adjudicating him guilty of aggravated robbery and sentencing him to twenty-five years' confinement. In a single issue, appellant argues the evidence is insufficient to support the imposition of a $1500 fine provided in the certified bill of costs. As modified, we affirm the trial court's judgment.

In January 2016, appellant was charged by indictment with the offense of aggravated robbery. In April 2016, the trial court signed an order placing appellant on deferred adjudication community supervision and imposing a $1500 fine.

Following a motion to adjudicate filed by the State, the trial court conducted a hearing, adjudicated appellant guilty, and sentenced him to twenty-five years' confinement. The trial court did not orally impose a fine, and the judgment adjudicating appellant's guilt does not reflect that a fine was imposed. However, the bill of costs in this case shows an unpaid fine of $1500.

The State concedes the $1500 fine should be deleted from appellant's bill of costs. *See Burton v. State*, No. 05-18-00608-CR, 2019 WL 3543580, at *3 (Tex. App.—Dallas Aug. 5, 2019, no pet.) (Court has power to correct bill of costs where record provides information necessary to do so). We sustain appellant's single issue. We modify the bill of costs to delete the $1500 fine.

In five cross-issues, the State points out that the judgment adjudicating appellant's guilt erroneously states the name of appellant's attorney and the statute applicable to his offense and indicates appellant pleaded true to the State's original motion to adjudicate.

This Court has the power to modify judgments to speak the truth about what happened in the trial court. TEX. R. APP. P.; *Bigley v. State,* 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.3d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, the trial court's judgment is modified as follows: (1) following the heading "Attorney for Defendant," "Rick Howard 00790922" should be deleted and "James Guinan" should be substituted.

(2) following the heading "Statute for Offense," "29.03 Health and Safety Code" should be deleted and "29.03 Texas Penal Code" should be substituted.

(3) following the heading "Plea to Motion to Adjudicate, the word "TRUE" should be deleted and "NOT TRUE" should be substituted.

(4) following the heading "Terms of Plea Bargain (if any)," the word "OPEN" should be deleted.

(5) the part of the judgment that reads "While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's ORIGINAL Motion to Adjudicate Guilt, as follows:" should be changed to read "While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt, as follows:."

As modified, we affirm the trial court's judgment.

/John G Browning/
JOHN G. BROWNING
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

190831F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

XAZIVER WILLIAMS, Appellant

No. 05-19-00831-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F1535121.
Opinion delivered by Justice Browning. Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
(1) following the heading "Attorney for Defendant," "Rick Howard 00790922" should be deleted and "James Guinan" should be substituted.
(2) following the heading "Statute for Offense," "29.03 Health and Safety Code" should be deleted and "29.03 Texas Penal Code" should be substituted.
(3) following the heading "Plea to Motion to Adjudicate, the word "TRUE" should be deleted and "NOT TRUE" should be substituted.
(4) following the heading "Terms of Plea Bargain (if any)," the word "OPEN" should be deleted.
(5) the part of the judgment that reads "While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's ORIGINAL Motion to Adjudicate Guilt, as follows:" should be changed to read "While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt, as follows:."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered October 19, 2020